## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Atlantic Ocean Estates, Inc.

v.

John T. Moten et al.

May 22, 1981

Case No. (Chancery) 10619

### By JUDGE ALBERT H. GRENADIER

The Court has previously ruled that the purported assignment by John T. Moten to World Motor Hotel Chain, Inc., of 6250 shares of stock in Atlantic Ocean Estates, Inc., is invalid and that Mr. Moten is still the owner of those shares.

The parties have stipulated that Mr. Moten is entitled to receive from the plaintiff corporation the sum of $140,983.12, consisting of an original liquidating dividend of $112,000.00, a subsequent dividend of $15,500.00, and $13,483.12 due on some promissory notes. The plaintiff contends, however, that it is entitled to a setoff of $90,379.34, representing the balance due (as of March 31, 1979) on a judgment in its favor against John T. Moten entered in this Court on March 28, 1973. The defendant John T. Moten contends that the setoff is improper and claims that he is entitled to the entire sum of $140,983.12.

The sole issue presented is whether the plaintiff corporation is entitled to set off its judgment against the obligation owed by it to its stockholder, the defendant John T. Moten.

The right of a corporation to set off debts owed to it by a stockholder is so basic that even *Michie's Jurisprudence* describes it as "well settled." So long as the corporation has (1) declared the dividend, thereby

creating a debtor-creditor relation between it and the stockholder, *Atwood* v. *Huff*, 130 Va. 624 (1921); and (2) the person whose debt to be set off is indeed a shareholder, then the corporation may set off the debt against the dividend. *Wilson Corporation* v. *Cahill*, 152 Va. 108 (1929). The rule in Maryland is the same. *Gemmell* v. *Davis*, 75 Md. 546, 23 A. 1032 (1892). See also *Fletcher's Cyclopedia of Corporations*, § 5374, volume 11 (1971), and 19 *Am. Jur. 2d*, "Corporations", § 844. The Court is unaware of any ruling to the contrary in any state.

Accordingly, it is the opinion of the Court that the plaintiff corporation may set off against the sums due John T. Moten the balance due on its judgment against him. Counsel should recalculate the sums due the respective parties and the balance due to Mr. Moten should be transmitted to him. Mr. Moten shall, in exchange for the same, surrender his stock certificates, as required by the conditions of dissolution set forth in the relevant corporate resolution.